**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN BASA CHING, | No. 17-72806 |
| Petitioner, | Agency No. A098-248-346 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022**

Before:    WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Ruben Basa Ching, a native and citizen of the Philippines, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of a motion to reopen.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Ching's second motion to reopen as numerically barred and untimely where it was filed more than eight years after the final order of removal, and where Ching has not established that any exception to these limits applies. *See* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), (c)(7)(C)(ii) (exceptions). In light of this disposition, we do not address Ching's contentions regarding prima facie eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

In his opening brief, Ching does not contest, and therefore waives, any challenge to the BIA's denial of sua sponte reopening. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Ching's request to remand this case to the BIA is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**